UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYVON L. BOATMAN,

    Plaintiff,

v.                                      Case No.:  2:18-cv-750-FtM-99MRM

DOROTHY RIDDLE, ANGELA
BARRETO, GEORGE F.
NARYSHKIN, THE DEPARTMENT
OF CHILDREN AND FAMILY
SERVICE, DIRECTORS, THE GEO
GROUP, DONALD SAWYER,
REBECCA JACKSON and KATJA
HAASE,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Rayvon Boatman's Limited Motion for Clarification of the Record Only (Doc. 11), to which there is no opposition.  Boatman, a civil detainee, sues for deliberate indifference to his dental health.  The Court construes Boatman's motion to mean he wants to consolidate this case with his other federal case and to replead his case as against Defendants Dorothy Riddle, Angela Barreto, and George F. Naryshkin.  The Court starts with consolidation.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink stops working or directs the user to some other site does not affect the opinion of the Court.

Boatman moves to consolidate this case with his other lawsuit before the undersigned: *Boatman v Sawyer*, No. 2:18-cv-418-FtM-38MRM. Federal Rule of Civil Procedure 42 says, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). In determining consolidation under this rule, the court must assess:

> [W]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*NuFix, Inc. v. Minsurg Corp.*, No. 8:10-CV-2315-T-33AFP, 2011 WL 589531, at *1 (M.D. Fla. Feb. 10, 2011). A court's decision to consolidate similar cases is discretionary. *Id.* After considering the above factors and applicable law, the Court will not consolidate Boatman's cases. This case concerns deliberate indifference to his medical dental needs and the other suit concerns due process violations over procedures at the facility where Boatman resides. Because the two cases are substantially different, the Court denies the motion to consolidate them.

Boatman next takes issues with Defendant Dotty Riddle for unclear reasons, and he may want to dismiss her and others from this suit. As best the Court can tell, Boatman wants an opportunity to clarify the record on the proper names of some Defendants. Because of Boatman's *pro se* status, and in an abundance of caution, the Court will dismiss no Defendants, but will grant him leave to file an amended complaint under Federal Rule of Civil Procedure 15 so he can name only those individuals who he wishes to sue. If Boatman no longer wishes to pursue this case against Defendants Riddle,

Barreto, and Naryshkin then he need not name them in the amended complaint. To be clear, however, Boatman may not add new defendants or claims in the amended complaint without leave of Court.

In filing an amended complaint, Boatman must follow the Federal Rules of Civil Procedure. Rule 8 requires a plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that a defendant has fair notice of what the claim is and the grounds on which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561-63 (2007). A plaintiff must also state plausible causes of actions, meaning he must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984) (noting that conclusory and vague allegations will not state a cause of action for civil rights violations under 42 U.S.C. § 1983).

Boatman may also sue only the defendants responsible for allegedly violating his constitutional or federal statutory rights. A succinct statement of the specific constitutional or statutory rights that have been violated is needed in the section titled, "Statement of Claim." It cannot merely list constitutional rights without supporting facts and describing how each defendant is involved in the alleged violation(s). *See, e.g.*, *Williams v. Bennett*, 689 F.2d 1370, 1380-81 (11th Cir. 1982) (stating "where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation"). There must also be allegations on how he has been damaged, harmed, or injured by Defendants' actions or omissions.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Rayvon Boatman's Limited Motion for Clarification of the Record Only (Doc. 11) is **GRANTED in part and DENIED in part**.

    a. Boatman's request to dismiss Defendants Dorothy Riddle, Angela Barreto, and George F. Naryshkin is **GRANTED** to the extent that he may file an amended complaint consistent with this Order on or before **July 30, 2019**. **Failure to file an amended complaint will cause the Court to dismiss those Defendants without further notice.**

    b. Boatman's request to consolidate this case with *Boatman v. Sawyer*, No. 2:18-cv-418-FtM-38MRM is **DENIED**.

2. Defendant Dorothy Riddle's Motion to Dismiss (Doc. 8) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of July 2019.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies: All Parties of Record